IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LYDIA GARCIA RODRIGUEZ**<br><br>Plaintiff<br><br>Vs.<br><br>**CHRISTIAN CORTES FELICIANO** as Mayor of The City of Aguada in his official and personal Capacity; **ZULMA RIVERA FIGUEROA**, in her Personal and official capacity as Director of the Federal Programs of the City of Aguada and **THE MUNICIPAL GOVERNMENT OF AGUADA**<br><br>Defendants | **CIVIL NO.** |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now plaintiff Lydia García Rodríguez through the undersigned attorney, and respectfully alleges and prays:

### PLEADINGS COMMON TO ALL COUNTS OR CAUSES OF ACTION

### Jurisdiction of this Honorable Court

1.- The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections l983; and Pendant Jurisdiction pursuant to 28 U.S.C. 1367. The First and Fourteenth Amendment of the United States Constitution. Law 90 of 2020, 29 L.P.R.A 3111, Article 1536 of the Civil Code of Puerto Rico and Sec. 1, 4, 6, and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico.

1

## Type of Proceedings

2.- Plaintiff claim is twofold; first she prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants in their official capacity be enjoined from discriminating against her in violation of the cited Federal Laws and to be reinstated in the position that she held as employee of the Municipal Government for the City of Aguada before she was illegally dismissed.

3.- It is also a suit for compensatory damages arising from the violation of her federally protected rights since defendants under color of state law deprived plaintiff of her rights, privileges and immunities secured by the United States Constitution and as such defendants in their personal capacity are liable to plaintiff..

4.- The facts hereinafter alleged in this Complaint constitute violations of plaintiff protected rights under the First and Fourteenth Amendments to the Constitution of the United States.

## State Remedies Invoked Under Pendent Jurisdiction

5.- The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Law 90 of 2020, 29 L.P.R.A 3111, and Article 1536 of the Civil Code of Puerto Rico.

6. - It is an established presumption that the demotion, persecution or firing is politically motivated if it is done without cause.

7.- Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

8. - Plaintiff invokes the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

## Claims for Relief

9.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of plaintiff as protected under the Constitution and the Laws of the United States.

10. - The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violative of plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

11. - Plaintiff began to work for the Municipal Government of Aguada on August 2012. She was the Director of the Daycare Center and had around twelve employees under her supervision. She had a salary of $2,900.00 monthly.

12. - The position that plaintiff held as Director of Childcare Center (Centro de Cuidado Pasitos) is not one that political loyalty is a proper requirement for its performance.

13.- Plaintiff had a legitimate expectancy in her continuous employment because she was an excellent employee to which no complaint had ever been filed,

and all her previous transitory contracts had been renewed automatically.

14. - The acts of the defendants were done deliberately; knowing that it is unlawful with the bad faith knowledge that they were violating plaintiff federally secured rights.

15.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

16.- Plaintiff is entitled to damages for violation of her Constitutional Rights plus damages for her actual losses, and for her pain, suffering, anguish and humiliation.

17.- Defendants harassment against plaintiff constitute a workplace harassment that violates Puerto Rico Act 90-2020 (Act to Proscribe and Prevent Workplace Harassment), 29 L.P.R.A. Ann. § 3111 et seq. For this she is entitled to compensation equal to double the damages suffered by her.

18.-Pursuant to the provisions of 42 USC, Section 2000 plaintiff, should she prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

19.- Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rule 44.4, plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

20.- Defendants, and each of them, have been obstinate in fomenting this litigation.

21.- Plaintiff Lydia García Rodríguez is a citizen of the United States of America and of the Commonwealth of Puerto Rico, of legal age, resident of the City of Aguada, Puerto Rico and an active member of the New Progressive Party.

22. - Defendant, Zulma Rivera Figueroa is the Director of the Federal Programs for the Municipal Government of Aguada, an active member of the Popular Democratic Party and a loyal supporter of co-defendant and mayor, Christian E. Cortés Feliciano.

23.- Defendant Christian E. Cortés Feliciano is the Mayor of the City of Aguada and the President of the Popular Democratic Party in Aguada.

24.- The City of Aguada is a political organization with judicial personality that can sue and be sued on its own and its legally represented by mayor Cortés-Feliciano.

25.- All defendants are citizens and residents of the Commonwealth of Puerto Rico.

26.- The present action is directed to all named defendants, in their official capacity as to the injunctive relief as an equitable remedy pursuant to Rule 65 of the Federal Rules of Civil Procedure and in their personal capacity as individuals as to compensatory damages arising from the violation of plaintiff federally and state rights as alleged in this complaint.

27.- The adverse employment action of defendant Christian Cortés-Feliciano of not renewing plaintiff transitory contract for the sole reason of plaintiff political affiliation constitutes a violation of her Constitutional Protected Rights. The

5

adverse employment action of co-defendant Christian E. Cortés Feliciano became the official policy of the city of Aguada, reason for which the City of Aguada is liable to plaintiff.

**Specific Facts Relevant to this Claim**

28.- Plaintiff García- Rodríguez began to work for the Municipal Government of Aguada on August 16, 2012 as Director of the Daycare Center.

29.- During her tenure working for the Municipal Government of Aguada there was never a complaint as to her performance, to the contrary, she was always praised for her good work.

30. - Plaintiff in her spare time was active in the political activities for the New Progressive Party and in the November 2020 elections she worked in the electoral college of Mamey ward in Aguada.

31.- On or around February 2023, defendant Christian Cortés-Feliciano visited the daycare center (Centro de Cuidado Pasitos) that was directed by plaintiff. For reasons not known to plaintiff, defendant Cortés-Feliciano asked her if it was true that she had worked in the Electoral Colleges in the 2020 elections for the New Progressive Party and was actively supporting Wilbert Nieves-Chaparro, the candidate for mayor of Aguada for the New Progressive Party.

Plaintiff answered to defendant Cortés-Feliciano that in her spare time she was supporting Wilbert Nieves-Chaparro and that in fact she had worked in the Electoral Colleges in the last elections (2020). Since that day plaintiff was subjected to harassment in her workplace by co-defendant Zulma Rivera-Figueroa.

32.- On August 16, 2023 plaintiff García-Rodríguez received a deficient work evaluation signed by co-defendant Zulma Rivera-Figueroa.

33.- On August 28, 2023, plaintiff sent a letter to Mr. Delvis Datiz, Director of Human Resources, objecting the evaluation of her performance that defendant Rivera-Figueroa had made.

34.- For reasons not known to plaintiff her objection of defendant Rivera-Figueroa evaluation was considered a complaint against defendant Zulma Rivera-Figueroa and on September 14, 2023, an official investigator, appointed by co-defendant Christian E. Cortés-Feliciano, issued a report denying the complaint against defendant Zulma Rivera-Figueroa.

35.- On October 2, 2023, plaintiff was hand-delivered a letter dated September 29, 2023, signed by co-defendant Christian Cortés-Feliciano, as mayor of the city of Aguada, notifying her that her transitory contract as Director of the Daycare Center (Centro de Cuidado Pasitos) was not going to be renewed.

36.- Plaintiff went to see the mayor, Christian Cortés-Feliciano, to inquire why her transitory contract, that had been renewed regularly for over the past 10 years, was not being renewed.

37.- Defendant, Christian Cortés-Feliciano, in a rude way told her that he could dismiss her because she had filed a false complaint against co-defendant Zulma Rivera-Figueroa, that had been denied. When plaintiff told him that her letter to the Human Resources Director was not intended to be considered as a complaint against Zulma Rivera-Figueroa, but it was an objection to the evaluation

of her performance that Mrs. Rivera-Figueroa gave her, the Mayor told her that he decided that that was an unfounded complaint against the Director of the Federal Programs, co-defendant Zulma Rivera-Figueroa and that with it she had given him the perfect excuse to dismiss another member of the New Progressive Party that he was paying her salary in order for her to support Wilbert Nieves-Chaparro, his rival for the position of mayor for the New Progressive Party.

38.- Plaintiff begged defendant Christian Cortés-Feliciano to not dismiss her because she needed badly her salary and her participation in political activities in the New Progressive Party have always been on her spare time, never at work. Defendant Cortés-Feliciano told her "if you don't like it, sue me; but remember that I am a lawyer and you gave me the perfect excuse for not renewing your contract".

## Absence of Good Faith

39.- The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

40.- Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that they could not dismiss plaintiff for the sole reason of her political preferences.

41.- Their acts show defendants did not act in good faith and actual damages and punitive damages should be imposed on defendants jointly and severally.

## First Cause of Action

42.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 41, with the same force and effect

as if set forth at length herein.

43.- Defendant, Mayor Christian E. Cortés-Feliciano, dismissed plaintiff from the position of Daycare Center Director, that she held at the Municipal Government of Aguada for the sole reason of her political preference causing her the deprivation of her job and her means to earn a living.

44.- The damages caused to plaintiff by defendant's illegal dismissal, in violation of her Federally Protected Rights, constitutes an unlawful employment practice prohibited by Federal Law. Her damages are reasonably estimated in the amount of $1,000,000.00.

## Second Cause of Action

45.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 41, with the same force and effect as if set forth at length herein.

46.- The only reason why plaintiff was dismissed was the exercise of her right to free association. Plaintiff is a member of the New Progressive Party and political discrimination has been recognized by this Court as a violation of the Rights guaranteed by the Constitution of the United States and the Constitution of Puerto Rico. A violation of a Constitutional Right even for a minimal period of time constitutes an irreparable injury. These damages are reasonable estimated in the amount of $1,000,000.00

## Third Cause of Action

47.-  Now appears plaintiff in this case and repeat, reiterate and reallege

each and every allegation contained in paragraphs 1 to 41, with the same force and effect as if set forth at length herein.

48-.- As an employee of the Municipal Government of Aguada plaintiff had a salary of $2,900.00. For the reason here stated plaintiff is entitled to a finding that defendants be ordered to pay her back salaries, vacation and any other benefit she had since the day she was dismissed until the day she is reinstated.

### Fourth Cause of Action

49.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 41, with the same force and effect as if set forth at length herein.

50.- As a result of defendants' actions, plaintiff have suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

51.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00 These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering any and all of them jointly and severally responsible to the plaintiff for any award granted for her damages.

### Fifth Cause of Action

52.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 41, with the same force and effect as if set forth at length herein.

53.- Plaintiff Lydia García-Rodríguez was the subject of harassment in her

workplace by defendant Zulma Rivera Figueroa, with the express or tacit consent of defendant Christian Cortés-Feliciano since the visit that defendant Cortés-Feliciano did to her workplace on February 2023. This created a hostile working environment for which plaintiff is entitled to a compensation equal to double the damages suffered by her.

### Sixth Cause of Action

54.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 41, with the same force and effect as if set forth at length herein.

55.- Plaintiff is entitled to a finding that the defendants acted knowingly, intentionally, in bad faith and gross negligence to deprive plaintiff of her federally secured rights and to an award of Punitive Damages in an amount not less than $1,000,000.00.

### Seventh Cause of Action

56.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 41, with the same force and effect as if set forth at length herein.

57.- Pursuant to Federal Rules of Civil Procedure Number 65, plaintiff request that an order be issued against defendants in their official capacity, reinstating her to the position she held and was illegally dismissed as employee of the Municipal Government of Aguada and that they be enjoined from discriminating against her in violation of the cited Federal and State Constitutions

and Laws.

## Trial By Jury

58.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays from this Honorable Court to:

a.  Assume Jurisdiction of this action;

b.  Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants in their official capacity, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of the plaintiff;

c.  Enter an Order granting a Preliminary and Permanent Injunction ordering defendants in their official capacity, and each of them, or their agents and successors to reinstate plaintiff, to the position she held at the Municipal Government of Aguada.

d.  Grant plaintiff damages, double damages and punitive damages against the defendants in their personal capacity and against the City of Aguada, and each of them, jointly and severely;

e.  Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all her rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.  Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g. Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this 23th day of September of 2024.

*S/ Israel Roldán-González*
**ISRAEL ROLDAN-GONZALEZ**
**USDC-PR No. 115602**
**35 Progreso**
**Aguadilla, P.R. 00603**
**Tel. 891-1359**
<irg@roldanlawpr.com>